Next case is United States v. Linehan. You may proceed whenever you're ready, and please watch the clock if you want to save time for rebuttal.  Good morning, Your Honors. I'm here on behalf of David Linehan. I will watch the clock, but I plan to reserve three minutes for rebuttal. I appreciated the Court's order providing guidance concerning the issues to be addressed argument, and I plan to use it as a sort of an outline. So as to the Court's first question of whether Section 844D requires at least the attempted use of force, the answer is no. Attempt in criminal law requires two things, specific intent and a substantial step toward completion of the offense, or in this case, the use of force, and 844D requires neither. The mens rea element of 844D permits conviction upon proof either of specific intent to cause injury or damage or knowledge that injury or damage will occur. Knowledge is not specific intent. An example here would be a person who agrees to transport an explosive from Person A to Person B knowing, but not intending, that Person B intends to blow up a building or do something else with that explosive. This is not a specific intent that force be used, and it's insufficient to prove an attempt. There also is no requirement of a substantial step toward the use of force. A substantial step is one that unequivocally communicates that the offense, or in this case, again, the act of use of force, will occur unless there is some independent interruption. Has any court agreed that a violation of 844D is not a crime of violence under the Force Clause? Because just in preparing, I've seen a few cases that seem to say it is. There's not a whole lot of reasoning associated with that. They just sort of state it. But are there any courts that have adopted your position? Not that I could find, Your Honor. There just is not a lot of case law on this statute. But I don't see any way, and I agree there is no reasoning to support the alternative finding. If you look at the elements of this offense, the offense ends well before the use of force occurs and well before it is attempted. So I don't see, it doesn't require the use of physical force. It does not require a threat of physical force, and it does not require an attempt. I don't think there is any way of reading this statute to deem it a crime of violence under 373A. But I mean, the issue, though, is that it involves the transportation or receipt of something that has the obvious potential to cause serious harm and has a force component to it, namely an explosive. And so when you read the statute as a whole, doesn't it seem to line up fairly well with 373A's attempted use of force? If someone transports or receives an explosive or attempts to do so with the knowledge or intent that it will be used to kill, injure, etc., etc., isn't there a sort of obvious force feature to that? I don't think so, Your Honor. I think this statute intends to criminalize the transportation of explosives. And then there's a mens rea element. But it is not the case that by merely transporting explosives that that itself is a substantial step toward the use of those explosives. And I can easily see a situation where, in the example that I gave, the explosives are transported and then they stay in somebody's garage and they're never used. Or... But that may not... Perhaps the person who does that didn't do so with the knowledge or intent that it will be used to kill or injure. But... So there has to be some connectivity between, just as a substantive matter on the 844D violation, there has to be some connectivity between the transportation or receipt of this explosive and then what it will later... What it's later going to be used for. So maybe in your garage hypothetical, there just wouldn't be a violation of 844D in the first place. But when... It seems that there would be a lot of instances where the connectivity would be demonstrated. And why wouldn't that be a crime of violence? It's not a crime of violence because to be a crime of violence, the offense has to have as an element necessary for conviction, the use of physical force or the attempted use of physical force. And transportation is not the use of force. There are statutes that don't stop short... Well, it may have... Transportation is not the attempted use of... The use of force. But why is it not the attempted use of force? Because the offense can be completed without a substantial step toward the use of physical force. But so is the argument that the transportation or receipt is just not a substantial step? That's right, Your Honor. It's mere preparation. And preparation is not a substantial step. Substantial step has to be something that without an intervention or an interruption from an independent source will result in the use of physical force. And mere transportation doesn't reach the level of a substantial step. It is mere preparation, and that is insufficient. Just to push back, I mean, I think mere preparation would be, you know, making a list saying the shopping list is, you know, number one, fertilizer, number two, gasoline. Here you're actually transporting or receiving the item or attempting to. Respectfully, I disagree. Transporting, if that's all that happens, there is no use of physical force. And so in order for it to be a substantial step, it has to be something that will result in the use of physical force unless it is interrupted. And merely transporting something, that's the end of what happens. There does not need to be an interruption in order for no force to occur. Is Taylor, the Supreme Court decision in Taylor, is it going to bear on this issue? Not at all, Your Honor. Taylor asks a narrow question of whether attempting to commit what is the prototypical crime of violence is, you know, necessarily involves the attempted use of force because that kind of robbery always involves the use of physical force. This is not an attempt case. It is not a conspiracy case. This is a case where we are not looking at an attempt to commit a crime we know is a crime of violence. We're looking at whether this crime is a crime of violence. Taylor can be decided exactly as the government has urged, and Mr. Linehan's conviction is still invalid. I wanted to, unless the Court has further questions on that piece, I wanted to turn to the Court's second question, whether 373A requires the use of force against property, to be against one's own property. And the answer is no, actually, there. I would normally make the argument that the plain language of the statute, that the series qualifier canon requires that it be read so that the of another apply to both person and property, but when the statute was originally enacted as part of the Comprehensive Crime Control Act, the language was identical in 924C, 16B, and 373A, and then Congress amended it two years later explicitly to draw in crimes against one's own property. And so, although I would love to say that those kinds of offenses are not included, I think that the explicit amendment makes that argument a non-starter. I did not intend this morning to address the 1958 count because of the government's concession. I also did not intend to address Taylor in much depth because the government's argument about waiting for Taylor had to do with the count they now concede must be overturned. However, if the court has questions about either of those issues, I'm happy to. So then on the 1958A, if that's removed, that's a five-year reduction in the sentence? That's correct. Okay. I'll reserve the remainder. Great. Thank you. Mr. Rahe, whenever you're ready. Thank you, Your Honors. Mark Rahe for the United States. May it please the Court. Can you all hear me? We can. Good. I apologize that I couldn't be there in person today, but I will pick up on that first question in the order issued earlier this month, and I also appreciated the guidance that it provided. The government will take the position that this does, 844D, does satisfy the definition of an attempted use of force, and defense counsel's correct. A generic attempt has two elements, intent to commit a target offense and a substantial step there, too. As for the mens rea element, the government would submit, the language of the statute does talk about knowing or intent, but in recent cases, the Supreme Court and this Court have made pretty clear that that is really not a distinction of much difference. In fact, in Borden v. United States, which was decided last summer by the Supreme Court, at 141 Supreme Court, at 1823, it's written, we have characterized the distinction between the two, meaning knowledge and intent, as limited, explaining that it has not been considered for many crimes. And I'll cite one more case quickly, United States v. Cruz, 621F3rd at pages 856 to 57, where Judge Mylon Smith wrote for this Court, we have trouble imagining circumstances in which a person could knowingly use a dangerous weapon to assault another without intending to do so. And the government would also point out that the language of 844D, unlike other typical instances where just the term knowing is found in a statute, you have to know that an explosive will be used. And the government would submit that that will be used adds a level of eminence or not otherwise found in other knowing statutes. And actually the last thing I would also point out is the model penal code defines knowingly as being aware that it is practically certain that conduct will cause such a result. So with those developments and the way that knowing has been construed, and the way it specifically delineated in 844D, the government would argue that the mens rea is sufficient for attempt. Now as far as the substantial step, there are two cases. They were already cited in the government's brief, and I apologize that I didn't focus my analysis more towards the attempt prong, but I think there are two cases that are very helpful for this position. And the first one was United States v. Studhorse. And that's at 883F3rd, 1206, where it's written, even if Studhorse took only a slight nonviolent act with the intent to cause another's death, that act would pose a threat of violent force sufficient to satisfy 16A. In the other cases, United States v. Dominguez, where Judge Silverman wrote, and this is at 954F3rd at page 1255, it does not matter that the substantial step, be it donning gloves and a mask before walking into a bank with a gun, or buying legal chemicals with which to make a bomb, is not itself a violent act or even a crime. So in that language, Judge Silverman is specifically saying that just buying the ingredients for a bomb, where they could even be legal ingredients, is enough of a substantial step. Right, so that, I mean, Dominguez is, part of that case is obviously up in Taylor, right, in the Supreme Court in Taylor. And so I guess the same question goes to you. In light of this argument, do we need to wait for Taylor? Yes, and it's just for a different reason than I specified in my brief. And in fact, I looked at Dominguez, I looked it up on the Supreme Court's docket, certiorari petition was filed in July of 2021. It's been sitting there. I reached out to defense counsel. That case, that petition is being held for Taylor. So and the other thing the government would point out, I mean, here we are, what is it, May 20. We know that Taylor's coming by June 30 at the very latest. It has to come out and that's what, five more weeks. So it would seem prudent because I do believe that that attempt issue is an issue there. And of course, you know, I think there are six or seven circuits that are lined up with the Ninth Circuit's view under Dominguez. The Fourth Circuit was the outlier. That's no guarantee of what's going to happen in the Supreme Court. But if it's just a matter of waiting five weeks, you know, the government would submit that that that that would be a prudent thing to do. So your opposing counsel basically your opposing counsel essentially says, well, you know, transporting or receiving is not a substantial step toward the use of force. So how do you how do you respond to that? I mean, Dominguez, that quote that I just read where, you know, if the idea that simply buying legal materials that will then be used to make a bomb is enough of a substantial step, the government, you know, and I believe you pointed out, Judge Brest, you know, this isn't when I look when you look at 844-D, it's not ingredients. And if you look under 844-J, that's the definition of explosive. And the way I read that, that is something that's ready upon ignition or a detonation to explode. So are there cases that say that are there cases that say that? You know, I mean, you're you're you're reading of it seems plausible, but there's not a lot of case law on this, as your opposing counsel mentioned, there's not a lot of case law on this provision. Right. You know what? I feel like I came across that in a maybe it could have been where they were distinguishing a different definition of explosive, because sometimes, you know, as an analog, I believe firearm, it's not just a gun. Sometimes it can be the parts. It can be the bullets. The way I read 844-J on its face, it makes it sound like, you know, it's something ready to go. But again, even if 844-D only, you know, required somebody to receive or transport components under the language of Dominguez, at least right now, you know, that that would appear to be enough. I mean, we agree it has to be beyond more than mere preparation. And I even remember from, you know, criminal law in law school. That's I believe, Judge Brest, you raised some of the same things. That people are sitting around a table, you know, making a list of things, a checklist of things to get. That's one thing. But here, the explosive has to be already formed. And the other thing I'd point out, you know, it requires transport or receipt. It does not apply to mere possession. And so I think that hypothetical about the garage. If somebody just puts a bomb in their garage, that wouldn't come under the language. You know, you have to intend that it be used to kill, injure, or intimidate. Or you have to know that it will be used to do those things. And that, again, that language implies, at least in the government's view, a sort of eminence that means that every act encompassed by 844-D, by definition, would be a substantial step towards the commission of a crime of violence. And that, I guess, would be the last thing I'd point out. Is that the three targets in 844-D, the explosive, you have to know or intend that it will be used to kill, injure, or intimidate. Case law, I believe, cited in our brief already holds that you cannot, you know, under Johnson, the 2010 Supreme Court case, you can't kill or injure without using the kind of violent force that's necessary for a generic crime of violence. And I believe we cited a case, Gutierrez in our brief, that under federal law, the term intimidation has a settled meaning, which is to put somebody in reasonably fear of bodily injury. And again, that can't happen without the kind of violent force being threatened. So, you know, to conclude, I believe the government feels that there are enough components here right now by which to find that 844-D does satisfy the elements clause of 373-A. And the government would concur with the defense counsel's analysis on the second point. It does not appear, you know, under the canons of Garner and Scalia that, you know, reading this naturally and grammatically, it doesn't have to be against property of another. And I think there's, you know, even a good reason why 844-D is written that way, even if one assumes that somebody wants to blow up their own house or, let's say, an apartment, there's going to be a natural danger to other people in the neighborhood, other people in the building. It would make sense why Congress would have drafted it that way. So unless the court has any other questions, the government would submit. Let me ask you one more question, if I may. On the 1958-A, the cert petition, the last time I checked, and I'm not sure how to pronounce this name, but the Grigorichik case that we asked you to address and the case that, I think it's out of the Seventh Circuit, where the government conceded that 1958-A is not a crime of violence. Should the case be held for a disposition on that cert petition? The government's confessed error in that case, but there's been no resolution. I mean, yeah, you know, I did not, yeah, you can wait for it or not. I mean, I, you know, the government would submit it. It would appear, I mean, we are making that concession, and from the petition in that case, I think the government took the position that even if it had the technical right to stand on procedure, it was choosing not to. So in light of that, you know, I don't know that we would do anything different here, but. And on that point, this is a minor point, but why wasn't this raised earlier with the court? I mean, we received a submission on Monday saying the government is no longer taking the position that Section 1958 constitutes a crime of violence, but apparently Defense Council, the government, had agreed they would not be, for purposes of this case, be considered a crime of violence, apparently in April, but this wasn't raised until the week of the argument. No, and I apologize for that, Your Honor. You know, I think I was still waiting for Taylor, and I thought, I know Monday was an argument day, and I advised Defense Council. We didn't put up any real opposition in our briefs. I just thought if that case, I had a good faith belief that it would bear on it, that, you know, that we should wait for it. But then once that was pointed out and I completed my review, I had a different moral argument last week. I got that far, but I do apologize for not making that concession sooner. Thank you. I want to, I think the government's argument about what a substantial step is, is wrong. But it doesn't matter, because even if the government were right about that, we do not have a requirement of specific intent here. And so even if Taylor were to come out in a way that supported the government's argument about substantial step, we still lack specific intent here. So we still do not have an attempted use of physical force, and his conviction still must be overturned. So there is no need to wait for Taylor. And I think the government's proposal that this court abolish the distinction between knowing and specifically intending is totally unsupported by anything. And Borden did make the comment that in many cases, there is no practical difference in many cases between knowing and specific intent. But it is just black letter law that you must intend to do something in order to attempt to do something. Knowing is not enough. And this statute permits conviction upon knowledge. That is not enough to support a finding of attempt. I wanted to also briefly address the idea that this court would hold this case pending resolution of a cert petition that has not been granted, and in my opinion, is extremely unlikely to be granted, given the fact that all courts that have decided this issue have agreed. There is no circuit split. There's no need for the court to take this up. And to hold a case for a cert petition, I think, would be improper, particularly where Mr. Linehan has now been incarcerated for years for what, in my position, is conduct that is not criminalized under our laws. Thank you. Thank you both for the helpful argument. The case has been submitted.
judges: LEE, BRESS, Fitzwater